Daniel C. Fleming (NJ Bar No. 18631986)
WONG FLEMING
821 Alexander Road, Suite 200
Princeton, NJ 08540
(609) 951-9520
dfleming@wongfleming.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Newark Division)**

|  |  |
|---|---|
| GULF OIL LIMITED PARTNERSHIP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAJ & MAMTA REALTY LLC, RAJ ) <br> KUMAR and MAMTA KUMAR, ) <br> ) <br> Defendants. ) | Civil Action No. <br><br> **COMPLAINT** |

Plaintiff, Gulf Oil Limited Partnership, by and through its attorneys alleges as follows:

1. Gulf Oil Limited Partnership is a Delaware Limited Partnership ("Gulf"), whose principal place of business is 80 William Street, Suite 400, Wellesley Hills, Massachusetts.

2. Defendant Raj & Mamta Realty LLC ("RMR") is a limited liability corporation whose principal place of business is 2 Booth Court, Edison, New Jersey 08820.

3. Defendant Raj Kumar is upon information and belief a member of RMR, whose residence is 2 Booth Court, Edison, New Jersey 08820.

4. Defendant Mamta Kumar is upon information and belief a member of RMR, whose residence is 2 Booth Court, Edison, New Jersey 08820.

**Jurisdiction**

5.	Jurisdiction is proper in this Judicial District pursuant to 28 U.S.C. § 1331, as it concerns rights and remedies under the federal Lanham Act, 28 U.S.C.A. 1051, *et seq*.

6.	Venue is proper under 28 U.S.C. § 1391 as Defendants are subject to personal jurisdiction in this Judicial District.

**Statement of Facts**

**The Gulf Trademarks**

7.	The name "Gulf" and the Gulf orange and blue circular logo are trademarked. Gulf owns and promotes these two marks as part of a group of famous marks that identify Gulf and Gulf business and products. Gulf has exclusive rights to these marks pursuant to registrations held with the United States Patent and Trademark Office.

8.	Gulf is the owner of the following federal trademark registrations for petroleum products and related services:

| Registration | Date | Product/Trade Name |
| --- | --- | --- |
| 621,650 | 2/21/1956 | Petroleum and its products |
| 621,651 | 2/21/1956 | Petroleum and its products |

Registration number 621,650 covers the name "Gulf" and its circular logo. Registration number 621,651 covers the name "Gulf."

9.	Each of these registrations is valid and remains in full force and effect as evidence of the validity thereof and Gulf's exclusive right to own and use the marks in connection with the goods and services specified in the registrations. All of these marks are incontestable under 15 U.S.C. § 1065.

10. As a result of years of continuous use and extensive sales of goods of the highest quality, complemented by extensive advertising, promotion and press coverage, the name and mark "Gulf" and its logo have come to be widely recognized by members of the petroleum industry and the general consuming public of the United States as exclusively identifying goods and services of the highest quality originating exclusively from Gulf.  As such, Gulf has built up and now owns extremely valuable good will, which is symbolized by the name and trademark "Gulf" and the Gulf marks and logo.

**THE GULF FRANCHISE AGREEMENT WITH A PRIOR ENTITY**

11. On or about March 14, 2012, an entity known as Petroleum Supply Corp. ("PSC") entered into a franchise relationship with Gulf, pursuant to a certain "Gulf Branded Distributor Agreement" ("Distributor Agreement").  Pursuant to Section 21, the parties agreed that "it is their intent and desire to have [their] relationship governed by the Petroleum Marketing Practices Act…15 U.S.C. §§ 2801, *et seq*," the act which pertains to franchised distributors and retailers of gasoline and motor fuel operations pursuant to franchise agreements.

12. Pursuant to Section 1 of the Distributor Agreement, the "Distributor's authorized, independent operators, dealers and resellers" are set forth on a certain Exhibit A to the Distributor Agreement.  As reflected thereon, seventy-seven (77) of PSC's Gas Stations were brought under the Distributor Agreement including:

**N. Plainfield Gulf**, 1325 US 22 West, North Plainfield, New Jersey 07060

13. PSC displayed the Gulf trademark and trade dress at each and every of the Gas Stations set forth on Exhibit A of the Distributor Agreement, by way of displaying Gulf signage and painting the Gas Stations according to Gulf's distinctive trade colors.

3

**Gulf Licensing Requirements for Use of the Gulf Trademark and Trade Dress**

14. Pursuant to Section 11(A) of the Distributor Agreement, Gulf agreed that during the term of the Distributor Agreement, it "grants to Distributor, as a sub-licensee, the non-exclusive right to use the Gulf-branded trademark or any substitute trademark (hereinafter 'Licensed Mark') as a trademark on, and in connection with, the resale of motor fuel products supplied by Gulf under this Agreement."

15. Section 11(J) of the Distributor Agreement required that "Distributor shall be responsible for Distributor's operator, dealer and reseller customers' compliance with the use of Gulf-branded trademark in accordance with this Agreement."

16. Under Section 11(L) of the Distributor Agreement, PSC and its gas station operators had the following obligation: "Distributor or Distributor's operator, dealer and reseller customers selling under the Gulf-branded trademark shall not use the Gulf-branded trademark in connection with any motor fuel products other than products designated as Gulf-branded motor fuel products by and purchased from Gulf."

17. Section 11(M) of the Distributor Agreement requires that:

> In the event Distributor is in material default, or breaches any provision of this Section 11….then this Agreement, in whole or in part, is subject to termination. Any termination of this Agreement also automatically terminates the grant of Distributor's license to use the Gulf-branded trademark. **Upon termination, Distributor and Distributor's operator, dealer and reseller customers using the Gulf-branded trademark shall discontinue such use immediately.** Whenever the license to grant the use of the Gulf-branded trademark is terminated with respect to any Station(s) all signs or other identification bearing the Gulf-branded trademark shall be returned to Gulf's designated terminal, at Distributor's sole cost and expense, in the same condition as received by Distributor or Distributor's operator, dealer and reseller customer, normal wear and tear excepted, within ten (10) days. In addition Distributor or Distributor's operator, dealer and reseller customers will promptly repaint the Station(s) to eliminate the distinctive colors associated

with the Gulf-branded image and trade dress and make such other modifications so that there is no suggestion to the general public that the Station(s) are a source of Gulf's Gulf-branded products or services. [Emphasis added]

**Expiration of the Franchise and Failure to Enter into Another Distributor Agreement**

18. The Distributor Agreement expired by its own terms on March 31, 2019, and PSC's franchise relationship with Gulf and all related agreements with Gulf, including the Distributor Agreement, were deemed terminated and nonrenewed effective October 24, 2019. The station located at 1325 US 22 West, North Plainfield, New Jersey 07060 was debranded effective December 17, 2019.

19. Following the expiration of the Distributor Agreement, no other entity has entered into a Distributor Agreement for this location.

**The Subsequent Unauthorized Use of the Gulf Logo and Trade Dress by Defendants**

20. An investigation after the date of PSC's non-renewal revealed that the gas station located 1325 US 22 West, North Plainfield, New Jersey 07060, which was no longer authorized to use the Gulf signage and trade dress, is in fact using such signage and trade dress.

21. The investigation revealed that after the date of PSC's non-renewal, the gas station located at 1325 US 22 West, North Plainfield, New Jersey, which is owned by Raj & Mamta Realty LLC ("RMR"), is using the Gulf signage and trade dress, despite never having entered into a Distributor Agreement with Gulf or otherwise receiving Gulf's permission to do so.

22. By using the Gulf signage and trade dress the 1325 US 22 West, North Plainfield, New Jersey station, Defendants are misleading the motoring public into believing that the 1325 US 22 West station is associated with Gulf branded- products and services, when it is not.

23. As a direct and proximate result of the wrongful conduct of Defendants as set forth above, Gulf has suffered and will continue to suffer damages in the form of costs incurred as a result of Defendants unauthorized and improper use of the Gulf trademark and trade dress, and their sale of non-Gulf-branded motor fuels.

## COUNT I
### (Counterfeiting Under the Lanham Act)

24. Gulf hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

25. Gulf invests substantial revenues, time and energy into the marketing of Gulf-branded gasoline and into maintaining its brands, trademarks and trade names.

26. Notwithstanding the absence of any permission to use the Gulf trademark and trade dress, Defendants RMR, Raj Kumar and Mamta Kumar have displayed and continue to display the Gulf trademark and trade dress at the gas station located at 1325 US 22 West, North Plainfield, New Jersey.

27. Upon information and belief, Defendants have sold, and continue to sell, non-Gulf branded gasoline at the gas station located at 1325 US 22 West, North Plainfield, New Jersey.

28. By reason of the foregoing Gulf has been damaged.

29. Upon information and belief, Defendants have used Gulf Oil's valuable marks with full knowledge of Gulf's rights and in bad faith, with willful and deliberate intent to trade on Gulf's substantial recognition, reputation and good will. In view of the willful nature of the infringement, the misidentification of goods entailed, and the unfair competition it represents, the sale of non-Gulf branded motor oil constitutes counterfeiting within the meaning of 15 U.S.C. § 1114(a)(1) and § 1117(a).

## COUNT II
**(Trademark Infringement of Federally Registered Trademarks)**

30. Gulf hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

31. Gulf invests substantial revenues, time and energy into the marketing of Gulf-branded gasoline and into maintaining its brands, trademarks and trade names.

32. Upon information and belief, Defendants have sold, and continue to sell, non-Gulf branded gasoline at the gas station located at 1325 US 22 West, North Plainfield, New Jersey.

33. By reason of the foregoing Gulf has been damaged.

34. Upon information and belief, Defendants have used Gulf Oil's valuable marks with full knowledge of Gulf's rights and in bad faith, with willful and deliberate intent to trade on Gulf's substantial recognition, reputation and good will.  In view of the willful nature of the infringement. the misidentification of goods entailed, and the unfair competition it represents, the conduct constitutes willful infringement within the meaning of 15 U.S.C. § 1117(a).

## COUNT III
**(False Designation of Origin Under the Lanham Act)**

35. Gulf hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

36. Defendants' actions in selling, offering for sale, distributing, advertising and general use in commerce of products which are represented and sold as genuine Gulf-branded products but which, upon information and belief are not Gulf-branded products, constitute false designation of origin in violation 15 U.S.C § 1125(a).

## COUNT IV
### (Unjust Enrichment)

37. Gulf hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

38. Defendants have received the benefit the Gulf trademark and trade dress without providing renumeration to the Plaintiff, and has been unjustly enriched thereby.

39. Plaintiff has an expectation of remuneration for use of its trademark and trade dress.

40. An injustice has resulted as a result of the retention of the benefit Gulf's trademark and trade dress without renumeration to Plaintiff

WHEREFORE Gulf respectfully requests the following relief from Defendants:

a. Temporary, preliminary and permanent injunctive relief enjoining Defendants from using Gulf's trademarks and trade dress;

b. Damages, including treble damages, attorney's fees and costs under 15 U.S.C. § 1117;

c. Damages, attorneys' fees and costs and such other and additional amounts to be proven at trial;

e. Such other relief at law and equity that the Court deems just and proper.

Dated: September 20, 2023                WONG FLEMING

                                                                By: /s/ Daniel Fleming
                                                                   Daniel Fleming
                                                                   Attorneys for Plaintiff
                                                                   Gulf Oil Limited Partnership